UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| KEEBLE ANTHONY HAWTHORNE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0: 08-CV-123-HRW |
| | ) | |
| vs. | ) | |
| | ) | |
| E.K. CAULEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Keeble Anthony Hawthorne ("Hawthorne"), an individual confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the $5 filing fee. [R. 3]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Hawthorne is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.   FACTUAL BACKGROUND**

In his petition and supporting materials, Hawthorne alleges that on March 3, 2005, he was

arrested and charged with possession of marijuana with intent to distribute by local police in Richmond, Virginia. The same day, the local office of the Bureau of Immigration and Customs Enforcement ("ICE") lodged an immigration detainer with Richmond police. Hawthorne was convicted of the state offense on May 5, 2005, and was sentenced to a 12-month term of incarceration, with 6 months suspended.

On June 2, 2005, Hawthorne was released into ICE custody pursuant to the immigration detainer for resolution of his removal proceedings. During the administrative removal process, on July 6, 2005, Hawthorne admitted to ICE personnel that he had illegally re-entered the United States following a deportation order. On July 21, 2005, Hawthorne was indicted in federal court for illegally re-entering the United States after having been deported for committing an aggravated felony, and was taken into pretrial custody by United States Marshals on that date.

Hawthorne remained in that custody until December 2, 2005, the day he was sentenced in federal court. The Judgment and Commitment Order entered in that case states "On June 2, 2005, the defendant was released to ICE custody and held without bond *for processing and resolution of his removal proceedings.*" (emphasis added) The district court sentenced Hawthorne to a 57-month term of incarceration. *United States v. Hawthorne*, 05-CR-294, Eastern District of Virginia.

Hawthorne requested that the BOP credit him with time against his federal sentence commencing upon the date he was taken into custody by ICE on June 2, 2005. BOP staff agreed that Hawthorne should be credited with pretrial custody credit commencing on the date of his indictment on federal criminal charges on July 21, 2005, but concluded that credit before that date was not appropriate under Program Statement 5880.28, which states that "An inmate being

2

held by INS pending a civil deportation determination is not being held in 'official detention' pending criminal charges" within the meaning of 3585(b). Hawthorne alleges that he exhausted his administrative remedies within the BOP prior to filing the present petition, although he is unable to provide the Court with documentation to this effect.

Hawthorne seeks credit against his federal sentence for time he was held by ICE from June 2, 2005 to July 21, 2005.

**II. DISCUSSION**

The BOP calculates a criminal sentence by reference to Section 3585, which provides, in pertinent part, that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). As indicated by the BOP, however, it is long-established that a person held by ICE custody for removal proceedings pursuant to an immigration detainer is not in "official detention" within the meaning of Section 3585(b), and hence does not receive credit for that time against a subsequently-imposed federal sentence. *Similien v. United States*, 2007 WL 496637 (N.D. Ohio 2007) (because ICE detention pending an exclusion proceeding constitutes a civil matter pursuant *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1042-43 (1984), rather than a criminal matter, it is not "official detention" creditable under Section 3585(b)); *Galan-Paredes v.*

3

*Hogsten*, 2007 WL 30329 (M.D.Pa. 2007) (collecting cases); *Cuevas v. United States*, 2008 WL 2117597 (S.D.N.Y 2008). Accordingly, Hawthorne's petition for habeas relief must be denied.

### III. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Hawthorne's "Motion for Credit Against Federal Sentence Based on Facts Asserted" [R. 7] is **DENIED AS MOOT**.

2. Hawthorne's petition for a writ of habeas corpus [R. 2] is **DENIED.**

**This January 30, 2009.**

Signed By:
Henry R Wilhoit Jr.
United States District Judge